Receipt number AUSFCC-6970054

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

|  |  |  |
|---|---|---|
| _____ | ) | |
| MANUS MEDICAL, LLC | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | CoFC No. _____ **21-1154C** |
|  | ) | |
| THE UNITED STATES, | ) | |
|  | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

**COMES NOW,** Plaintiff Manus Medical, LLC ("Manus Medical"), by and through undersigned counsel, and seeks permanent injunctive, declaratory, and other relief against the U.S. Department of Veterans Affairs ("VA"), Strategic Acquisition Center ("SAC") pursuant to 28 U.S.C. § 1491(b)(1) and Rule 65 of the Rules of the United States Court of Federal Claims ("CoFC R."). By this action Manus Medical seeks:

(1) a permanent injunction preventing the VA from exercising Option 1 for contract 36C10G20C0016 with Huntsville Rehabilitation Foundation (dba "Phoenix"), contract 36C10G20C0015 with North Bay Rehabilitation Services, Inc. ("North Bay"), and contract 36C10G20C0013 with Goodwill Industries of South Florida, Inc. ("Goodwill") (together the "Contracts");

(2) declaratory relief stating that the "Vets First" program preferences under the Veterans Benefits Act ("VBA"), as amended, 38 U.S.C. 8127(d)(1), takes precedence over separate grandfathered contracting preferences in place for the AbilityOne program under the Javits-

1

Wagner-O'Day Act ("JWOD"), 41 U.S.C. 8501-06, the Federal Acquisition Regulation ("FAR") 8.7, and the AbilityOne Products Procurement List because the exception at 38 U.S.C. 8127(d)(2)(B)(i) applies for National Interment Flags;

(3) declaratory relief stating that the award of the Contracts on May 8, 2020, were in violation of the VA's requirements under the Vets First program, VBA, as it existed at the time of the award of the Contracts and that said Contracts remain in violation of the VBA as amended by the Consistency Act of 2020, 38 U.S.C. 8127(d)(1) and (d)(2)(B)(i); and,

(4) declaratory relief stating that the Contracts must be terminated because they were in violation of the VBA at the time the Contracts were awarded, and the Contracts are not subject to "grandfathering" provisions of the subsequent Consistency Act of 2020, which amended the VBA.

## PARTIES

1.      Plaintiff, Manus Medical, is a Virginia limited liability company, whose principal office is located at 3420 Pump Road, Suite 348, Richmond, VA 23233.

2.      The Defendant is the United States of America acting through the VA, SAC.

## JURISDICTION AND STANDING

3.      Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491(b)(1).

4.      "The United States Court of Federal Claims may render judgment on an action by an interested party objecting to any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. 28 U.S.C.S. § 1491(b)(1). The phrase "in connection with a procurement or a proposed procurement" is very sweeping in scope. The court may hear any claim involving a connection with any stage of the federal contracting acquisition process,

including the process for determining a need for property or services. 41 U.S.C.S. § 403(2)." See Magnum Opus Techs., Inc. v. U. S., 94 Fed. Cl. 512 (2010).

5.     "Where, in a bid protest, the protester maintains that the contract must be re-solicited, and the protester is eligible to compete in that re-solicitation, it is a prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract."  Id.

6.     Manus Medical has standing as an interested party to bring this action because Manus Medical is a Service-Disabled Veteran-Owned Small Business ("SDVOSB") that is given preference under the VBA, as amended by the Consistency Act of 2020, the Vets First Program.

7.     Manus Medical has extensive experience delivering National Interment Flags (the same flags that are the subject of the Contracts) to the U.S. Government and is one of at least two SDVOSB suppliers that received and continues to perform VA's national contract for internment flags awarded by the VA SAC in 2017.

8.     Specifically, contract 36C10G18C0036 for National Interment Flags was awarded to Manus Medical by the VA on December 1, 2017 after applying a Rule of Two analysis, which triggers the exception to grandfathered products on the AbilityOne Product Procurement List.[1]

9.     But for the VA's improper awarding of the Contracts under the AbilityOne program instead of procuring the products under the Vets First program, Manus Medical would be a SDVOSB competitor for the award of a contract for the provision of National Interment Flags.

---

[1] The VA also awarded contract 36C10G180035 to A2Z Promo Zone on December 1, 2017 after applying the Rule of Two analysis, which triggered the exception to grandfathered products on the AbilityOne Product Procurement List.  For purposes of satisfying the exception in the Consistency Act of 2020, both contracts were still in effect on the date the Consistency Act of 2020 was signed into law.  So, because of both contracts, the exception was triggered, and National Interment Flags are not grandfathered under the Consistency Act of 2020.  See 38 U.S.C. 8127(d)(2)(B)(i).

**BASIS OF THE PROTEST**

**A.  History of Awards to AbilityOne Program Contractors.**

10.     The AbilityOne program is established by the JWOD Act and set into regulation in FAR 8.7, Acquisition from Non-profit Agencies Employing People Who Are Blind or Severely Disabled.

11.     The AbilityOne program is intended to create employment and training opportunities for approximately 45,000 people in the U. S. who are blind or have other significant disabilities.

12.     The AbilityOne program is managed by the non-profit Committee for Purchase From People Who Are Blind or Severely Disabled, and contracts to companies that employ people who are blind or have other significant disabilities to purchase goods and services for the U.S. Federal Government.

13.     The Committee manages product and service Procurement Lists naming products and services to be procured under the AbilityOne program.

14.     The Federal Government contracting order of preference for products and services from the AbilityOne Program is established by FAR 8.002, Priorities for use of mandatory Government sources.

15.     FAR 8.002(a) lists the order of preference for Federal Government contracting preference for purchases of products as:  (1) law, (2) inventories of the requiring agency, (3) excess from other agencies, (4) Federal Prison Industries, Inc., (5) AbilityOne program, and (6)wholesale supply sources.

16.     According to FAR 8.002(a), a law, such as the VBA, mandating a contracting preference, will take precedence over the AbilityOne program contracting preference at FAR 8.7 and 8.002.

**B.   Vets First Program Requirements.**

17.     The Vets First program was established by the U. S. Congress when it enacted the Veterans Benefits, Health Care, and Information Technology Act of 2006, 38 U. S. C. 8127(d) ("VBA") (implemented by the VA in 2009 at VAAR 819.70), which requires the VA to "award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities if the contracting officer has a reasonable expectation that **two or more small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities will submit offers** and that the award can be made at a fair and reasonable price that offers best value to the United States."  Emphasis added.

18.     The requirements for the VA to research whether two or more SDVOSBs will submit offers is known as the "Rule of Two."

19.     The VA's requirements under the Vets First program were confirmed unanimously in 2016 by the U. S. Supreme Court in Kingdomware Techs, Inc. v. U. S., 136 S. Ct. 1969 (2016).

20.     Kingdomware Techs. specifically held:

a.      "8127(d)'s contracting procedures are mandatory and apply to all of the Department's [VA's] contracting determinations."  Id. at 8-12.

b.      "Section 8127(d)'s text unambiguously requires the Department to use the Rule of Two before contracting under the competitive procedures. The word "shall" usually

5

connotes a requirement, unlike the word "may," which implies discretion. Compare *Lexecon Inc.*

v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35, with *United States* v. *Rodgers*, 461

U. S. 677, 706. The use of the word "may" in §§8127(b) and (c) confirms this reading; for when a

statute distinguishes between "may" and "shall," the latter generally imposes a mandatory duty."

Id. at 8–9.

        c.  Alternative readings of §8127(d) are unpersuasive.

21.    <u>PDS Consultants, Inc. v. U. S.</u>, 132 Fed. Cl. 117 (2017), <u>aff'd</u>, 907 F.3d 1345 (Fed.

Cir. 2018), further confirms that the Supreme Court's holding in <u>Kindomware Techs.</u>, specifically

that the VBA requires the VA to perform the Rule of Two analysis when awarding contracts

whether or not the product or service sought is on the AbilityOne Procurement List because the

preference for veterans was the VA's first priority.

22.    Shortly following the Supreme Court's <u>Kingdomware Techs.</u> decision, the VA

implemented Class Deviation—Implementation of the Veterans First Contracting Program as a

Result of the U.S. Supreme Court Decision (Class Deviation—Veterans First Contracting Program

(VFCP 2016) on July 25, 2016.

23.    The Class Deviation further specified the requirements of the "Rule of Two" from

the Vets First program on the VA contracting officers.

24.    Following <u>PDS Consultants, Inc.</u> case, Congress enacted the Consistency Act of

2020 to amend the VBA.

25.    The Consistency Act grandfathered items on the AbilityOne Procurement List prior

to 2006, which allows the VA to procure those items from the AbilityOne program without

conducting a Rule of Two analysis and giving priority to veterans under the Vets First program.

26.     However, the Consistency Act of 2020 also included an exception to the grandfather of items on the list.

27.     The exception requires the VA to conduct the Rule of Two analysis if items from the Procurement List have been the subject of awarded contracts to SDVOSB and VOSB providers after December 22, 2006 and in effect on the date of enactment of the Consistency Act of 2020.

28.     As described earlier in this Complaint, the VA issued at least two contracts for National Interment Flags, one to Manus Medical and one to a2Z Promo Zone, in December 2017 and they are still in effect today.

29.     The fact that the two contracts were issued to Manus Medical and a2Z Promo Zone, both SDVOSB providers, triggers the exception under the newly amended VBA and requires the VA to continue to conduct a Rule of Two analysis for the procurement of the National Interment Flags.

30.     Before issuing the Contracts to Phoenix, North Bay, and Goodwill in 2020, the VA did not conduct the requisite Rule of Two analysis to determine that both Manus Medical and a2Z Promo Zone are SDVOSB providers that can provide the product at reasonable prices.

## C.  Termination of the Contracts, Sources Sought, and Award of New Contracts.

31.     For at least the last 15 years, the VA has procured 50% of its requirements for the National Interment Flags to provide to the families of deceased veterans from commercial suppliers such as Manus Medical and 50% from AbilityOne workshops, principally Goodwill of South Florida, Phoenix Industries, and North Bay.

32.     Both Manus Medical and a2Z Promo Zone, LLC have served as current SDVOSB resellers of the National Interment Flags for at least the last four years, as demonstrated by the contracts the VA awarded to both companies in 2017.

33.     The presence of both Manus Medical and a2Z Promo Zone, LLC as SDVOSB National Interment Flag suppliers satisfies the Rule of Two required by 38 U.S.C. 8127(d)(1).

34.     Furthermore, the issuing of the contracts to Manus Medical and a2Z Promo Zone for National Interment Flags triggered the exception in the Consistency Act of 2020.

35.     In 2019, Manus Medical and its supplier Allied Materials & Equipment Corporation notified the VA SAC contracting team that the VA was in violation of the VBA, as amended, and Vets First program requirements with their contract awards under the AbilityOne program.

36.     The VA SAC contracting team agreed with Manus Medical and canceled the VA's existing contracts with Goodwill, Phoenix, and North Bay.

37.     The VA SAC contracting team then notified Manus Medical that they would issue a sources sought announcement to determine the viability of procuring the flags for which they canceled the contracts with the AbilityOne providers from SDVOSBs.

38.     The VA SAC then issued a sources sought soliciting capability statements from potential small business concerns.

39.     Manus Medical, a2Z Promo Zone, LLC, and Allied Materials & Equipment Corporation all responded with capability statements (Allied as a HUBZone concern).

40.     However, without outreach to the SDVOSB and HUBZone businesses that responded to its sources sought announcement, the VA awarded new Contracts to Goodwill,

Phoenix, and North Bay on May 8, 2020 (the "Contracts"), apparently with the expectation that the VBA would be amended to permit such action.

41.     Upon information and belief, Manus Medical, still waiting on a response to its sources sought submission, became aware of the awards only in or about July 2020 when it had contact with one of the AbilityOne contractors' vendor.

42.     Manus Medical immediately objected to the awards to the SAC and requested more information on what had happened with the sources sought effort.

43.     The VA has failed to respond to any outreach by Manus Medical or Allied since Manus Medical became aware of the new Contracts.

44.     The VA has taken no further public actions with respect to the sources sought notice.

45.     The Contracts awarded by the VA on May 8, 2020, are in violation of the VBA, as amended by the Consistency Act of 2020, and Vets First program because at all times, the VA has been aware of at least two SDVOSB vendors who could provide the National Interment Flags and would submit a competitive bid for those requirements.

46.     The VA was further aware that it had issued contracts to both Manus Medical and a2Z Promo Zone for National Interment Flags in 2017.

47.     Manus Medical and Allied have tried to reach out to the VA SAC on numerous occasions since becoming aware of the illegal Contracts awards, but the VA SAC has refused to provide any explanation for the change in approach.

48.     As such, Manus Medical has no choice but to seek redress with the Court to stop the exercise of Option 1 for each of the Contracts.

## COUNT I
### (Violation of 38 U. S. C. 8127(d)(1) and (d)(2)(B)(i) in Awarding the Contracts to Goodwill, Phoenix, and North Bay and not Conducting a Procurement Under the Vets First Rule of Two)

49.     Manus Medical incorporates by reference the allegations set forth above in paragraphs 1 through 48.

50.     Federal law 38 U. S. C. 8127(d), confirmed by the Supreme Court in <u>Kingdomware Techs.</u>, requires the VA to set aside procurements where it has a reasonable expectation that two or more small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States ("Rule of Two").

51.     Furthermore, <u>PDS Consultants, Inc. v. U. S.</u>, 132 Fed. Cl. 117, confirms that the Supreme Court's holding in <u>Kindomware Techs.</u>, specifically that the VBA requires the VA to perform the Rule of Two analysis when awarding contracts whether or not the product or service sought is on the AbilityOne Procurement List because the preference for veterans was the VA's first priority.

52.     Furthermore, the VBA, as amended by the Consistency Act of 2020, requires the VA to conduct the Rule of Two analysis and give veterans priority over AbilityOne providers if contracts have been issued to SDVOSB and VOSB entities after December 22, 2006 and those contracts were still in effect when the Consistency Act of 2020 became law.

53.     In fact, the VA issued contracts to both Manus Medical and a2Z Promo Zone for National Interment Flags in 2017 and those contracts are still in effect.

54.     The VA should have had a reasonable expectation that both Manus Medical and a2Z Promo Zone, LLC, two SDVOSBs, would submit a bid to supply burial flags because (a) they have been providing approximately 50% of the National Interment Flags needed by the VA for the last several years, (b) they both responded to the sources sought notice issued by the VA, and (c) they both have been performing under their National Interment Flag contracts since 2017.

55.     Despite knowing it had at least two viable SDVOSB providers of National Interment Flags, the VA improperly and illegally again issued the Contracts under the AbilityOne preference program to Goodwill, Phoenix, and North Bay.

56.     In this case, the VA is required to follow the Rule of Two and procure the National Interment Flags under the Vets First program rather than the AbilityOne program.

57.     Allowing the VA to continue with the Contracts issued under the AbilityOne program will harm Manus Medical in that it will prevent Manus Medical from securing a contract for which it has extensive experience and is well qualified to fulfill.

58.     As a party directly harmed by the VA's violations of federal procurement law, Manus Medical is entitled to judgment that the VA must not exercise Option 1 of the Contracts and must conduct a new procurement under the Vets First program.


**RELIEF REQUESTED**

**WHEREFORE** Plaintiff, Manus Medical, respectfully requests that the Court enter judgment in favor of the Plaintiff against the United States and further requests the following relief:

a.  A permanent injunction preventing the VA from exercising Option 1 for the Contracts.

b.  A declaration that the "Vets First" program preferences under the Veterans Benefits Act, as amended, 38 U.S.C. 8127(d)(1), takes precedence over separate grandfathered contracting preferences in place for the AbilityOne program under the Javits-Wagner-O'Day Act ("JWOD"), 41 U.S.C. 8501-06, the Federal Acquisition Regulation ("FAR")

8.7, and the AbilityOne Products Procurement List because the exception at 38 U.S.C. 8127(d)(2)(B)(i) applies for National Interment Flags.

c.  A declaration that the award of the Contracts on May 8, 2020, were in violation of the VA's requirements under the VBA, as interpreted by the U. S. Supreme Court in <u>Kingdomware Techs.</u> or the Court of Federal Claims and affirmed by the Federal Circuit in <u>PDS Consultants, Inc.</u>, and as amended by the Consistency Act of 2020, 38 U.S.C. 8127(d)(1) and (d)(2)(B)(i).

d.  A declaration that the Contracts must be terminated because they are in violation of the VBA, as interpreted by the U. S. Supreme Court in <u>Kingdomware Techs.</u> or the Court of Federal Claims and affirmed by the Federal Circuit in <u>PDS Consultants, Inc.</u>, and as amended by the Consistency Act of 2020.

e.  The Court award Manus Medical reasonable costs and attorneys' fees, and such further legal and equitable relief that the Court deems appropriate.

Respectfully submitted,

Dated:  April 5, 2021                    By:   ___s/Julie M. Nichols_____
                                               Julie M. Nichols
                                               James S. Phillips
                                               Roeder, Cochran, Phillips, PLLC
                                               8280 Greensboro Dr.
                                               Suite 550
                                               McLean, VA 22102
                                               Tel: (703) 749-6038
                                               Fax: (703) 749-6027
                                               jnichols@rcplaw.net

                                               Counsel for Plaintiff Manus Medical, LLC